IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PALMER,

    Plaintiff,                         No. CIV S-08-2032 JAM DAD PS

    vs.

THOMAS J. MOYER, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff, an individual proceeding pro se, has filed a personal injury action asserting jurisdiction pursuant to 42 U.S.C. § 1983. The case has been referred to the undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff alleges violations of his federal constitutional rights by Thomas J. Moyer, Chief Justice of the Ohio Supreme Court and a resident of Franklin County, Ohio. Plaintiff's claims appear to arise from events that occurred in several counties within Ohio. Plaintiff alleges that he resides in Sacramento County, California.

        Plaintiff is informed that it is not the plaintiff's residence that determines proper venue for a civil action in federal court. The federal venue statute provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided in law, be brought only in (1) a judicial district where any defendant

1

1         resides, if all defendants reside in the same State, (2) a judicial
2         district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is
3         the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which
4         the action may otherwise be brought.

5 28 U.S.C. § 1391(b). If plaintiff were asserting jurisdiction founded only on diversity of

6 citizenship rather than on federal claims, the action could be brought

7         only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which
8         a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the
9         action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is
10        commenced, if there is no district in which the action may otherwise be brought.

11

12 28 U.S.C. § 1391(a).

13         Here, the sole named defendant resides in Franklin County, Ohio, and a

14 substantial part, if not all, of the events or omissions giving rise to plaintiff's claims occurred in

15 Ohio. Plaintiff has not sued any person who resides within the judicial district of the United

16 States District Court for the Eastern District of California, and none of the events at issue

17 occurred within this judicial district. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70

18 (1989); Pennhurst v. Halderman, 465 U.S. 89, 98-99 & 101-02 (1984).

19         This action should have been brought in the United States District Court for the

20 Southern District of Ohio, Eastern Division, because Franklin County, where defendant Moyer

21 resides, is located in that district and division. 28 U.S.C. § 115(b)(2). In the interests of justice,

22 this action will be transferred to the United States District Court for the Southern District of

23 Ohio, Eastern Division, for further proceedings, including a ruling on plaintiff's application to

24 proceed in forma pauperis and plaintiff's request for temporary restraining order. See 28 U.S.C.

25 § 1404(a).

26 /////

1   Accordingly, IT IS HEREBY ORDERED that this action is transferred to the
2  United States District Court for the Southern District of Ohio, Eastern Division, sitting in
3  Columbus, Ohio.
4  DATED: September 15, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\palmer2032.transfer